UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MUHAMMED TILLISY,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

C17-437 TSZ
[related to CR09-269 MJP]

ORDER

THIS MATTER comes before the Court on petitioner's motion under 28 U.S.C. § 2255, docket no. 1, and the Government's motion to dismiss, docket no. 10. Petitioner Muhammed Tillisy is currently in the custody of the Washington State Department of Corrections, serving a 120-month sentence in Snohomish County Superior Court Case No. 12-1-01246-1, after which he will serve a 43-month sentence in Snohomish County Superior Court Case No. 12-1-01574-5. On September 16, 2013, the Honorable Marsha J. Pechman imposed a term of one year plus one day for violations of supervised release, to run consecutively to the period of incarceration in the Snohomish County matters. *See* Judgment (CR09-269, docket no. 232).[1] No appeal was taken. Petitioner now challenges the 366-day sentence on Fifth Amendment (due process) and Eighth Amendment

---

[1] On January 21, 2016, the Honorable Robert S. Lasnik committed petitioner to the custody of the United States Bureau of Prisons for 84 months in connection with petitioner's convictions, following a jury trial, on all ten counts of the indictment; such period of imprisonment is set to begin after petitioner completes the sentence imposed by Judge Pechman. *See* Judgment (CR13-310, docket no. 194).

ORDER - 1

grounds.  *See* § 2255 Motion (docket no. 1).  The Government aptly indicates that petitioner's § 2255 motion is untimely.  The one-year period for petitioner to bring a § 2255 motion began to run on the date the judgment at issue became final, *i.e.*, on October 2, 2013.  *See* Fed. R. App. P. 4(b)(1).  The current § 2255 motion was filed on March 20, 2017, well after the one-year deadline expired on October 2, 2014.[2]

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)　　The Government's motion to dismiss, docket no. 10, is GRANTED;

(2)　　Petitioner's § 2255 motion, docket no. 1, is DISMISSED as untimely;

(3)　　A certificate of appealability is DENIED; and

(4)　　The Clerk is DIRECTED to send a copy of this Order to all counsel of record and petitioner pro se, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 13th day of December, 2017.

_____
Thomas S. Zilly
United States District Judge

---

[2] Petitioner's assertion that the one-year limitation period for filing a § 2255 motion should be equitably tolled lacks merit.  The threshold necessary to trigger equitable tolling is "very high."  *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).  Equitable tolling requires a showing that (i) the petitioner has diligently pursued his or her rights, and (ii) extraordinary circumstances exist.  *E.g.*, *United States v. Aguirre-Ganceda*, 592 F.3d 1043, 1045 (9th Cir. 2010).  Petitioner has not demonstrated the requisite diligence or extraordinary circumstances.  Indeed, during the entire year in which petitioner should have filed his § 2255 motion, he was in federal, not state, custody, awaiting trial in CR13-310, and he was represented in that case by the same attorney who appeared on his behalf in CR09-269.