UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

USA,

Plaintiff,

v.

MUHAMMED ZBEIDA TILLISY,

Defendant.

CASE NO. CR09-269 MJP

ORDER ON MOTION TO SUSPEND EXECUTION OF JUDGMENT AND MOTION TO APPOINT COUNSEL

This matter comes before the Court on Defendant's Motion to Appoint Counsel (Dkt. No. 238) and Motion to Suspend Execution of Judgment (Dkt. No. 239). Having reviewed the Motions, the supporting materials, and the balance of the record, the Court DENIES both Motions.

Defendant seeks an order suspending execution of a judgment issued by this Court, which remains pending due to Defendant's current incarceration in the custody of the State of Washington. (See Judgment, Dkt. No. 232) Defendant makes the same request of the Court in the matter of United States v. Tillisy, CR13-310 RSL, where he faces another criminal judgment

to run consecutively. (CR13-310, Dkt. Nos. 194 (Judgment), 236 (Motion to Suspend).) Defendant requests the suspension of judgment so that he can then petition the State for "Extraordinary Medical Placement." (Motion to Suspend at 1-2.) Defendant claims that the pending federal judgments prevent him from filing the petition. (Id. at 1.) And Defendant seeks release from State custody to avoid contracting COVID-19 or injuring his head, which he claims is more susceptible to injury after his "crainectomy." (Id. at 1-2.) To assist in his Motion to Suspend, Defendant also seeks appointment of counsel. (Motion to Appoint at 1-2.)

While the Court is sympathetic to Defendant's concerns about contracting COVID-19 or suffering a head injury, it is unpersuaded by the merits of Defendant's request. Invoking the Court's inherent authority, Defendant seeks the suspension of the judgment solely to petition the State for extraordinary medical placement. But extraordinary medical placement is only available if, among other things: (1) the offender's medical care is "serious enough to require costly care or treatment"; (2) it would result in cost savings; (3) the offender is likely to be physically incapacitated at the time of placement; and (4) the offender poses a low risk to the community because he is incapacitated due to age or a medical condition. See Extraordinary Medical Placement Policy, DOC Num. 350.270(C) (Dkt. No. 241 at 21). Defendant offers no argument as to how he would or could satisfy any of these requirements. The Court's own review of the record suggests Defendant is unlikely to obtain relief under this policy. In particular, the Court sees no evidence that Defendant is incapacitated, notwithstanding his medical history. This undermines the basis for the requested relief. And the Court finds no other grounds that would warrant a suspension of judgment. Defendant admits that he is asking the Court to "take a flyer on [him and a] leap of faith." (Mot. at 3.) The Court declines to do so given the lack of justification. The Court DENIES the Motion to Suspend.

As to Defendant's request for appointment of counsel, the Court finds that he has failed to identify any statute or authority that would entitle him to appointment of counsel to request suspension of the judgment. And given the Court's analysis of the Motion to Suspend, it finds that appointment would not materially assist the Court in resolving the issue. The Court DENIES the Motion to Appoint Counsel without prejudice.

The clerk is ordered to provide copies of this order to Defendant and all counsel.

Dated October 8, 2021.

Marsha J. Pechman
United States Senior District Judge