UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR09-269 MJP |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| MUHAMMED ZBEIDA TILLISY, | |
| Defendant. | |

This matter comes before the Court on Defendant's "Motion for Reconsideration." (Dkt. No. 247.) Having reviewed the motion, the supporting materials, and the balance of the record, the Court DENIES the motion.

On March 1, 2022, the Court entered an Order denying Defendant's "Emergency Motion to Transfer Custody." (Dkt. No. 246). The Court reasoned that Defendant had offered no basis for the Court to revisit its earlier determination that Defendant failed to demonstrate how he might qualify for extraordinary medical placement, a Washington State Department of Corrections ("DOC") policy permitting some individuals to be placed in an alternative care

ORDER DENYING MOTION FOR RECONSIDERATION - 1

1 setting, even if the Court were to invoke its inherent authority to suspend the judgment. (Dkt. No.

2 26 at 1-2 (citing Dkt. No. 241); see also State of Wash. Dep't of Corr., Policy: Extraordinary

3 Medical Placement, DOC No. 350.270 at p. 2. Defendant now moves the Court to reconsider that

4 Order.

5       "Motions for reconsideration are disfavored. The court will ordinarily deny such motions

6 in the absence of a showing of manifest error in the prior ruling or a showing of new facts or

7 legal authority which could not have been brought to its attention earlier with reasonable

8 diligence." Local Rules W.D. Wash. CrR 12(b)(13)(A).

9       Defendant challenges the Court's Order on four grounds: (i) his right to be free from

10 cruel and unusual punishment, (ii) the government did not file an objection to his emergency

11 motion to transfer custody, (iii) the Court erred when it stated that 18 U.S.C. §§ 3141 and 3142

12 apply only to pretrial detention, and (iv) the Court erred when it concluded that Defendant is not

13 eligible for extraordinary medical placement. The Court considers and rejects each of these four

14 arguments below.

15       First, Defendant offers no basis for the Court to reconsider its earlier decision on Eighth

16 Amendment grounds and again fails to offer any analysis or argument as to why the Eighth

17 Amendment compels the relief sought. (See Dkt. No. 246 at 2.) Failure to point out with

18 specificity the matters requiring reconsideration is grounds for denial of a motion for

19 reconsideration. See Local Rules W.D. Wash. CrR 12(b)(13)(B). Defendant's motion on Eighth

20 Amendment grounds is therefore denied.

21       Second, the Court finds no grounds for reconsideration in response to Defendant's

22 assertion that the government did not file an objection to his prior motion. The Local Rules grant

23 the Court discretion to determine whether to decide a motion on this ground. See Local Rules

24

ORDER DENYING MOTION FOR RECONSIDERATION - 2

1    W.D. Wash. CrR 12(b)(4) ("If a party fails to file the papers required by this rule . . . such failure

2    may be deemed by the court to be an admission that . . . the opposition to the motion . . . is

3    without merit."). The Court acted within its discretion when it declined to find in Defendant's

4    favor solely because the government did not respond. Defendant's motion on this ground is

5    therefore denied.

6         Third, Defendant argues that the Court erred when it stated that 18 U.S.C. §§ 3141 and

7    3142 apply only to pretrial detention. The Court interprets this as an assertion that the Court

8    committed manifest error in the prior ruling. See Local Rules W.D. Wash. CrR 12(b)(13)(A).

9    Defendant is correct that 18 U.S.C. § 3141 does not apply solely to pretrial detention, but he is

10   incorrect as to 18 U.S.C. § 3142, which only applies to pretrial detention. Ultimately, the

11   distinction is inconsequential because the Court already assumed for the sake of argument that it

12   had authority to suspend the "federal detainer" when it denied the relief sought. (Dkt. No. 246.)

13   The underpinning of the Court's prior ruling was its determination that Defendant has failed to

14   show he is eligible for extraordinary medical placement. The Court therefore denies Defendant's

15   motion on this ground.

16        Fourth, Defendant argues that the Court erred when it concluded that he is not eligible for

17   extraordinary medical placement. The Court likewise interprets this as an assertion that the Court

18   committed manifest error in the prior ruling. See Local Rules W.D. Wash. CrR 12(b)(13)(A).

19   Defendant offers no new analysis to support this assertion and the Court finds no manifest error.

20   Defendant argues that the Court has bestowed upon him an impossible task in stating that he

21   must first show that he qualifies for extraordinary medical placement before the Court will act,

22   given that the DOC has stated that the Court must act before it will evaluate him for

23   extraordinary medical placement. Defendant misunderstands the Court's instruction. The Court

24

ORDER DENYING MOTION FOR RECONSIDERATION - 3

1   does not require defendant to show that the DOC has already approved him for extraordinary

2   medical placement. Instead, the Court requires that Defendant show that under current

3   Washington State law and DOC policy, he would be eligible for extraordinary medical

4   placement. The Court has twice concluded that the evidence that Defendant repeatedly submits

5   does not make the requisite showing. (See, e.g., Dkt. Nos. 246 (Order denying Defendant's

6   emergency motion to transfer custody), 242 (Order denying Defendant's motion to suspend

7   execution of judgment).) Defendant's repeated assertion that the Court is wrong will not change

8   this result. The Court finds no manifest error and denies the motion on this ground.

9        Defendant fails to identify any grounds for reconsideration and the Court DENIES his

10  Motion.

11       To successfully show that he is entitled to extraordinary medical placement, Defendant

12  would need, at a minimum, to walk through each requirement set forth in the current iteration of

13  the DOC policy and, with supporting evidence, explain how he meets each requirement.

14  Defendant is cautioned that the Court has already reviewed all evidence on the record and

15  concluded that he is unlikely to meet the requirements set forth in the policy. It is therefore

16  unlikely he would be able to successfully argue his entitlement to extraordinary medical

17  placement without providing new evidence. Further, the Court offers no guarantees that it would

18  find in Defendant's favor on any future arguments regarding his federal sentence even if he is

19  first able to show his qualification for State extraordinary medical placement. The Court would

20  need to consider such arguments as presented at that time.

21       \\

22       \\

23       \\

24

ORDER DENYING MOTION FOR RECONSIDERATION - 4

1     The clerk is ordered to provide copies of this order to Defendant and all counsel.

2     Dated March 11, 2022.

3

4                     Marsha J. Pechman
                     United States Senior District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING MOTION FOR RECONSIDERATION - 5