UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. CR09-269 MJP |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTIONS |
| v. | |
| MUHAMMED ZBEIDA TILLISY,, | |
| Defendant. | |

This matter comes before the Court on Defendant's: (1) Renewed Emergency Motion to Suspend Execution of Judgment (Dkt. No. 249); (2) Request that one Judge decide the Motion (Dkt. No. 250); (3) Supplemental to the Motion (Dkt. No. 251); (4) Action to Compel U.S. Pardon Attorney (Dkt. No. 252); and (5) Supplemental Motion to Dkt. Nos. 249 and 250 (Dkt. No. 253). Having reviewed these filings, the Government's Opposition (Dkt. No. 256), and all supporting materials, the Court DENIES all of Defendant's Motions and Requests.

**BACKGROUND**

This is the fourth time Defendant has asked the Court to suspend the criminal judgments pending against him in this matter and in a criminal matter pending before Judge Lasnik, United States v. Tillisy, CR13-310 RSL (W.D. Wash.). (See Order on Motion to Suspend Execution of Judgment (Dkt. No. 242); Order Denying Emergency Motion to Transfer Custody (Dkt. No. 246) Order Denying Motion for Reconsideration (Dkt. No. 248).) As Defendant's previous and current motions have made clear, the criminal judgments pending against him preclude him from applying for extraordinary medical placement under Washington Department of Corrections policy. (See, e.g., Dkt. No. 249 at 4-5, 7; Dkt. No. 253.) Defendant continues to demand the Court suspend the judgment and lift the federal detainer so that he can apply for extraordinary medical placement, or—as newly identified—for "other home detention GRE programs that concern reentry to society. . . ." (Dkt. No. 249 at 4.) Defendant's renewed filings also ask the Court to appoint counsel, grant compassionate release under 18 U.S.C. § 3582(c)(1)(A), and compel the Office of Pardon Attorney to accept and process his petition for commutation. Defendant also asks the undersigned to rule on the motions filed in this matter and the related motions he filed in the criminal matter pending before Judge Lasnik, CR13-310 RSL.

**ANALYSIS**

**A.     Suspension of Judgment**

Although the Court has discretion to entertain Defendant's request, it declines to suspend the judgment and reconsider its prior decisions on this issue.

The Court first notes that it does not have jurisdiction under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), to suspend the judgment against Defendant. (See Mot. at 5-7 (Dkt. No. 249) (citing 18 U.S.C. § 3582(c)(1)(A)).) The Ninth Circuit recently explained that "a convicted

1    defendant is not entitled to seek statutory compassionate relief prior to incarceration" in federal

2    prison. <u>United States v. Fower</u>, 30 F.4th 823, 825 (9th Cir. 2022). As such, the Court lacks

3    jurisdiction under 18 U.S.C. § 3582(c)(1)(A) to grant the requested compassionate release.

4         But the Court does have inherent authority to consider and potentially grant the relief

5    Defendant seeks. The Ninth Circuit's decision in <u>Fower</u> confirms that "a district court is [not]

6    powerless to provide a semblance of compassionate relief in the normal exercise of its broad

7    discretion." <u>Id.</u> at 827. "If the circumstances warrant, a district court may delay the imposition of

8    sentence or extend the time to surrender to the BOP. . . ." <u>Id.</u> As such, the Court does have

9    discretion to delay imposition of Defendant's sentence.

10        Although the Court has authority to delay the imposition of the sentence, it finds that it

11   would be an abuse of its discretion. As the Court has explained before, Defendant has failed to

12   convince the Court that suspension of the judgment and sentence is appropriate or justified on

13   the record before it. (<u>See</u> Order on Motion to Suspend Judgment at 2-3 (Dkt. No. 242); Order

14   Denying Emergency Motion at 2-3 (Dkt. No. 246); Order Denying Reconsideration at 3-4 (Dkt.

15   No. 248).) As before, Defendant makes no effort to show how he would qualify for extraordinary

16   medical placement under Washington DOC's policies. (<u>See</u> Mot. at 4 (Dkt. No. 249)

17   (acknowledging that "[Defendant] might not be able to explain how he would qualify for

18   extraordinary medical placement. . .").) And this remains problematic because the sole purpose

19   for which Defendant seeks the suspension is to allow him to apply for extraordinary medical

20   placement. If Defendant cannot outline how he might satisfy the DOC's guidelines, then the

21   relief he asks of this Court is unnecessary and improvident. The Court has already explained the

22   specific burden Defendant bears and the ways in which he might convince the Court to suspend

23   the judgment. (<u>See</u> Order Denying Reconsideration at 3-4.) Defendant's inability to make any

24

1    such showing—and to admit he cannot—proves that the relief he seeks should not be granted. It

2    also demonstrates that there is no manifest error in the Court's prior orders that might justify

3    reconsideration. See Local Criminal Rules 12(b)(13). The Court reminds Defendant that it is not

4    requiring him to actually obtain extraordinary medical placement before he applies for relief of

5    this Court—an admitted impossibility. Rather, as explained in detail before, Defendant must

6    provide some argument and reason why he might meet the criteria for extraordinary medical

7    placement under the DOC policies. (See id.) Doing so would enable the Court to consider

8    whether suspension of the judgment would appropriately allow Defendant to then apply for

9    extraordinary medical placement from the DOC. Given the record and Defendant's repeated

10   refusal and apparent admission that he cannot qualify for such placement, the Court finds no

11   valid reason to grant the requested relief.

12        Defendant newly refers to his interest in applying for release from state custody pursuant

13   to its "other home detention GRE programs." (Mot. at 4-5 (Dkt. No. 249).) Defendant refers here

14   to DOC Policy 390.590, which allows inmates to spend the final six months of their sentence on

15   home detention as part of a work/training release program if certain criteria are met. (See Ex. B

16   to Opp. Brief (Dkt. No. 256-2).) As with extraordinary medical placement, Defendant fails to

17   explain how he would meet the eligibility requirements. And the Court questions whether the

18   DOC would grant the requested relief for three months of reentry assistance given that he still

19   must serve time in federal custody upon completion of his state sentence even if the Court

20   suspended the federal judgments as requested. The Court is therefore unconvinced that

21   suspending the judgment so that Defendant can apply for this program is appropriate or a

22   reasonable exercise of the Court's discretion.

23        The Court therefore DENIES Defendant's request to suspend the judgment.

24

**B.      Motion to Appoint**

The Court again finds that Defendant has failed to identify any statute or authority that would entitle him to appointment of counsel. (<u>See</u> Order on Motion to Suspend Judgment at 3 (Dkt. No. 242).) And the Court finds that appointment would not materially assist Defendant or the Court in resolving Defendant's underlying requests. The Court therefore DENIES the request for appointment of counsel.

**C.      Federal Detainer**

Defendant argues that the detainer lodged by the U.S. Marshals Service violates his 1st, 5th, and 8th amendment rights. (Dkt. No. 253 at 2, 5.) But the detainer does not prevent Defendant from exercising his First Amendment rights to petition—as is clear from his repeated motions filed with this Court. And Defendant has not shown how the detainer violates any due process right or amounts to cruel or unusual punishment. These arguments are not well founded.

The Court also notes no procedural problem with the detainer itself. Here, the detainer was properly lodged upon the imposition of the sentence and judgment and the Marshal had authority to lodge it. <u>See</u> 28 U.S.C. § 566(a); 28 C.F.R. § 0.111(k). The Court rejects Defendant's argument that there are any defects in the current detainer.

**D.      Commutation**

The Court finds no merit in Defendant's request that the Court compel the Office of the Pardon Attorney to accept and process his petition for commutation. The President of the United States has the sole authority to grant clemency or commute a sentence. <u>Harbison v. Bell</u>, 556 U.S. 180, 187 (2009). And the Court has no authority to compel the Office of the Pardon Attorney to act on a clemency application. <u>See</u> <u>Yelvington v. Presidential Pardon & Parole Att'ys</u>, 211 F.2d 642, 644 (D.C. Cir. 1954). As such, the Court DENIES the Motion to Compel the U.S. Pardon Attorney.

**E.     Consolidation**

The Court also DENIES Defendant's request that the undersigned consider and rule on his pending motions. As Defendant knows, he has two separate criminal judgments and sentences pending against him. The undersigned cannot suspend the judgment imposed by Judge Lasnik. And while there may be efficiencies to be gained in having one judge rule on Defendant's related motions, the Court finds that each sentencing judge should retain independent discretion over Defendant's requests and oversight over the separate criminal judgments and sentences that remain pending.

## CONCLUSION

Defendant's fourth attempt to obtain suspension of the judgment pending against him fails to heed any of the guidance the Court has provided in denying his three prior motions. The Court remains unconvinced that the requested relief is proper or appropriately granted. The Court DENIES the Motions and all of the related relief sought.

The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

Dated May 27, 2022.

Marsha J. Pechman
United States Senior District Judge