UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>     v.<br><br>MUHAMMED ZBEIDA TILLISY,<br><br>           Defendant. | CASE NO. CR09-269 MJP<br><br>ORDER DENYING DEFENDANT'S MOTIONS |

This matter comes before the Court on Defendant's: (1) Petition for Nunc Pro Tunc Designation (Dkt. No. 264) and Supplements (Dkt. Nos. 267, 268); (2) Second Petition for Nunc Pro Tunc Designation (Dkt. No. 269): (3) Motion to Appoint Counsel (Dkt. No. 265); and (4) Motion to Strike (Dkt. No. 266). Having reviewed the Petition, Supplements, and Motions, the Government's Responses (Dkt. No. 270, 271), and Defendant's Reply (Dkt. No. 272), the Court: (1) DENIES the Petition; (2) DENIES the Motion to Appoint Counsel; and (5) DENIES the Motion to Strike.

ORDER DENYING DEFENDANT'S MOTIONS - 1

# BACKGROUND

Defendant is currently a prisoner in the custody of the State of Washington at the Monroe Correctional Complex. Inmate Search, Dep't of Corr. Wash. State, https://doc.wa.gov/information/inmate-search/default.aspx (last visited July 7, 2022). Defendant is serving the following sentences consecutively: (1) a 120-month state term of confinement imposed by the Snohomish County Superior Court in Case No. 12-1-01246-1; (2) a 43-month state term of confinement imposed by the Snohomish County Superior Court in Case No. 12-1-01574-5; (3) a one-year and one-day federal term of imprisonment for a supervised release violation; and (4) an 84-month federal term of imprisonment imposed in CR13-310-RSL. (See Dkt. No. 232 at 3; CR13-310-RSL Dkt. No. 185 at 12 & Dkt. No. 194 at 3.)

Defendant moves the Court to: (1) find that he has been subject to federal primary jurisdiction since September 14, 2012 and grant him credit for time served since that date towards his federal sentences (see Dkt. Nos. 264, 267, 268, and 269), and (2) appoint counsel (see Dkt. No. 265). Defendant also asks the Court to strike a motion for compassionate release. (Dkt. No. 266.) Defendant filed this motion to strike the same day the Court ruled on the motion for compassionate release. (Compare Dkt. Nos. 263 (Order) with Dkt. No. 266 (Motion).)

# ANALYSIS

**A.    Federal Primary Jurisdiction**

Defendant asks the Court to find that he has been subject to federal primary jurisdiction since September 14, 2012 and grant him credit for time served since then towards his federal sentences by ordering the BOP to nunc pro tunc designate his state prison facility as the facility for service of his federal sentences.

     The Court reviews certain relevant facts to give context to Defendant's arguments. On May 25, 2012, the Court issued an arrest warrant for Defendant premised on violations of Defendant's conditions of federal supervised release. (Dkt. No. 155.) On May 30, 2012, Defendant was arrested on state charges and detained in the Snohomish County Jail pending trial. (CR13-310-RSL, Dkt. No. 183 at ¶ 3.) Due to the Court's arrest warrant, a federal detainer was lodged against Defendant. (Id.) On September 10, 2012, Defendant initiated a fraudulent scheme whereby he impersonated an Assistant U.S. Attorney and duped a Deputy U.S. Marshal into lifting his federal detainer and informing Snohomish County that it was no longer in place. (Id. at ¶¶ 7-10.) On September 12, 2012, Defendant's father posted Defendant's $25,000 state bail. (Id. at ¶ 10.) On the same date, the Snohomish County Jail released Defendant, and because the federal detainer had been lifted, he was not transferred to federal custody upon his release from state custody. (Id.) On September 14, 2012, having discovered the fraud, the U.S. Marshals Service located Defendant at his girlfriend's house, arrested him, and returned him to state custody. (Id.) Defendant faced trial before Judge Lasnik on charges stemming from these acts, and a jury found him guilty of making a false statement or representation to a federal agency in violation of 18 U.S.C. § 1001, aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1), and false impersonation of a federal official in violation of 18 U.S.C. § 912, among other felony convictions. (CR13-310-RSL, Dkt. No. 154.) Separately, Defendant admitted to violating the terms of his supervised release, and this Court imposed a sentence of one year and one day to run consecutively to his state sentences. (Dkt. No. 232.)

     Defendant now argues that when he posted state bail on September 12, 2012, the State relinquished primary jurisdiction. According to Defendant, he has been subject to federal primary jurisdiction since the U.S. Marshals rearrested him on September 14, 2012, and his state

1 and federal sentences have been running concurrently since then. Defendant's argument suffers
2 two fatal defects: (1) posting state bail did not ultimately deprive the State of primary
3 jurisdiction, and (2) this Court and Judge Lasnik both explicitly ordered Defendant's federal
4 sentences to run consecutively to his state sentences.

5 First, the doctrine of comity establishes that the State regained primary jurisdiction when
6 the U.S. Marshals returned Defendant to state custody on September 14, 2012. As a general rule,
7 "the first sovereign to arrest a defendant obtains primary jurisdiction over him as against other
8 sovereigns." Johnson v. Gill, 883 F.3d 756, 761 (9th Cir. 2018) (citing Ponzi v. Fessenden, 258
9 U.S. 254, 260 (1922)). "A sovereign's priority terminates when the sentence expires, charges are
10 dismissed, or the prisoner is allowed to go free." Id. at 765 (citations omitted). Defendant is
11 correct that when a defendant is released on bail, the releasing sovereign relinquishes primary
12 jurisdiction. See Taylor v. Reno, 164 F.3d 440, 445 (9th Cir. 1998). The Government's response
13 memorandum does not confront the fact that Defendant posted state bail and therefore
14 oversimplifies this point. (See Dkt. No. 270 at 2.) Nonetheless, applying the doctrine of comity,
15 the Court concludes that the State indeed regained primary jurisdiction.

16 When one sovereign transfers a defendant to another sovereign, the determination of
17 primary jurisdiction "requires an exercise of comity between the sovereigns, and turns on
18 whether the [sovereign] with primary jurisdiction intended to surrender its priority upon transfer
19 or merely transferred temporary control of the defendant to the [other sovereign]." Johnson, 883
20 F.3d at 765. Under the doctrine of comity, the discretion to elect to relinquish a defendant to
21 another sovereign is an executive, not a judicial, function. United States v. Warren, 610 F.2d
22 680, 685 (9th Cir. 1980) (citing Ponzi, 258 U.S.at 261-62; Strand v. Schmittroth, 251 F.2d 590,
23 609 (9th Cir. 1957), cert. dismissed, 355 U.S. 886 (1957)). "In the federal system, the 'power and
24

ORDER DENYING DEFENDANT'S MOTIONS - 4

discretion' to practice comity is vested in the Attorney General." Id. (quoting Ponzi, 258 U.S. at 262). The U.S. Marshals Service is a bureau within the U.S. Department of Justice under the authority and direction of the Attorney General, 28 U.S.C. § 561(a), and the Assistant U.S. Attorney is statutorily authorized to assist the Attorney General in the performance of his duties, 28 U.S.C. § 506.

Applying the doctrine of comity to the facts of this case, even if the State forfeited primary jurisdiction when it released Defendant on bail and the federal government gained primary jurisdiction when the U.S. Marshals apprehended Defendant, the federal government ceded primary jurisdiction back to the State when the U.S. Marshals returned Defendant to the State's custody. This is because the U.S. Marshals Service, as a designee of the Attorney General, had the power to return Defendant to state primary jurisdiction under the doctrine of comity, and it chose to do so. Accord Warren, 610 F.2d at 685. And the Assistant U.S. Attorney ratified Defendant's return to state primary jurisdiction when the office waited to commence Defendant's prosecution before this Court until after his conviction and sentencing in state court. (See CR13-310-RSL, Dkt. Nos. 1, 16 (federal complaint and indictment dated after state judgments).) Primary jurisdiction, is, after all, the method of establishing "who goes first." See Taylor, 164 F.3d at 444 ("The term 'primary jurisdiction' in this context refers to the determination of priority of custody and service of sentence between state and federal sovereigns.").

Second, even if, for the sake of argument, Defendant was subject to federal primary jurisdiction since his rearrest on September 14, 2012, this would not shorten his total period of incarceration. Defendant assumes that if he has been subject to federal primary jurisdiction since September 14, 2012, the state judgments' silence on whether they run consecutively or

concurrently to the federal sentences means that they must run concurrently. Defendant is incorrect. Pursuant to 18 U.S.C. § 3584(a), "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively . . . [and m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). Defendant's state sentences were imposed on February 21, 2013 and July 3, 2013. (CR13-310-RSL Dkt. No. 261 at 5, 18.) The Court then imposed its sentence on September 16, 2013. (Dkt. No. 232.) And Judge Lasnik then imposed an 84-month sentence on January 21, 2016. (CR13-310-RSL, Dkt. No. 194.) Both federal sentences were imposed after Defendant's state sentences. By statute, both federal sentences therefore run consecutively to Defendant's state sentences. Reinforcing this result is the fact that both this Court and Judge Lasnik specifically ordered the sentences to run consecutively. (See Dkt. No. 232; CR13-310-RSL, Dkt. No. 194.) Invoking the doctrine of primary jurisdiction to change the order that Defendant serves his sentences would not change this result.

The Court therefore DENIES the Petitions.

The Court also reviews Defendant's citations to law, which are inapposite or unhelpful to his arguments. First, Defendant misplaces reliance on Ryan v. Gonzales, 568 U.S. 57 (2013), which holds that there is not a right to competence during federal habeas corpus proceedings. But this is not a habeas corpus proceeding, and competence is irrelevant to Defendant's arguments. Similarly Defendant incorrectly relies on Woodford v. Garceau, 538 U.S. 202 (2003), which is another equally inapplicable habeas corpus decision. Second, Defendant misplaces reliance on 18 U.S.C.§ 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - (1) as a

      result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; <u>that has not been credited against another sentence</u>.

18 U.S.C.§ 3585(b) (emphasis added). This statute, which governs the crediting of time spent in detention prior to the date that the sentence commenced, explicitly prohibits "double credit" against multiple sentences. Even if applicable, it would not shorten Defendant's period of incarceration. Third, Defendant improperly invokes U.S.S.G. § 5G1.3(b). This is a sentencing guideline that is merely advisory and does not bind the Court. See <u>United States v. Booker</u>, 543 U.S. 220, 245 (2005). Further, subsection (b) governs only "relevant conduct," and Defendant's state offenses are not considered relevant conduct to his convictions before this Court. (See CR13-310, Dkt. No. 184 at 5.) Fourth, Defendant also incorrectly invokes 18 U.S.C. § 3621, which governs the imprisonment of a convicted person. This statute grants the BOP authority to nunc pro tunc designate a state prison for service of a federal sentence. See 18 U.S.C. § 3621(b); <u>see also</u> <u>Rodriguez v. Copenhaver</u>, 823 F.3d 1238, 1242 (9th Cir. 2016). Because this is a discretionary power statutorily granted to the BOP, the Court may only review the BOP's decision for abuse of discretion—it may not direct the BOP in the first instance. See <u>Rodriguez</u>, 823 F.3d at 1242; <u>accord</u> <u>Reynolds v. Thomas</u>, 603 F.3d 1144, 1153 (9th Cir. 2010). Defendant's motion recognizes this: "The BOP has sole discretion authority when designating state or non-federal institutions for service of imprisonment terms issued by the District Courts." (Dkt. No. 264 at 2-3.) As such, the argument has no merit and Defendant has not convinced the Court that he is entitled to relief he seeks.

**B.    Appointment of Counsel**

      Defendant argues that he is entitled to appointment of counsel because the Court's prior denials of his motions have been grounded in its "incorrect" conclusion that he is subject to state

primary jurisdiction. (See Dkt. No. 265.) This argument fails to carry the day. The Court previously denied appointment of counsel because Defendant had not shown a right to appointment and because it would not materially assist the Court in resolving the then-pending issue. (Dkt. No. 242.) This decision continues to apply to Defendant's request. Defendant remains subject to state primary jurisdiction and he has not shown an entitlement to appointment of counsel. Nor would appointment assist in resolving the issues raised in the Petition and Motions. The Court DENIES the Motion to Appoint.

**C.   Motion to Strike**

Defendant asks the Court to strike his Motion for Compassionate Release (Dkt. No. 258). The Court DENIES this request as MOOT, given that the Court has already ruled on the Motion for Compassionate Release. (Dkt. No. 263.)

## CONCLUSION

Defendant has not convinced the Court that there is any merit in his Petitions for Nunc Pro Tunc Designation. The State has had and continues to have primary jurisdiction. The Court therefore DENIES the Petitions. The Court also DENIES Defendant's Motion to Appoint Counsel and DENIES as MOOT his Motion to Strike.

The clerk is ordered to provide copies of this order to Defendant and all counsel.

Dated July 11, 2022.

Marsha J. Pechman
United States Senior District Judge