UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MUHAMMED ZBEIDA TILLISY,<br><br>Defendant. | Case Nos. CR13-310-RSL<br>CR09-269-RSL<br><br>ORDER GRANTING<br>MOTION FOR EXTENSION<br>OF TIME |

This matter comes before the Court on defendant's "Motion for Extension of Time" (Dkt. # 278). Because this case was consolidated with cause no. CR09-269-RSL on appeal, see United States v. Tillisy, No. 22-30151 (9th Cir. Sept. 7, 2022), Dkt. # 2, this matter also comes before the Court on defendant's "Motion for Extension of Time" (Dkt. # 285) in that case. Having reviewed the motion and the balance of the record, the Court GRANTS both motions.

On August 11, 2022, this Court entered an order denying defendant's motion for reconsideration. Dkt. A # 271.[1] Under the Federal Rules of Appellate Procedure, defendant had 14 days after the order was entered to file a timely notice of appeal. See Fed. R. App. P. 4(b)(1)(A)(i). Thus, to comply with the Rule, defendant needed to file his notice of appeal by August 25, 2022. See Fed. R. App. P. 26(a)(1) (counting days). Defendant missed this deadline, filing his notice of appeal on August 31, 2022. Dkt. A # 272.

---

[1] "Dkt. A" refers to the district court's docket sheet in CR13-0310-RSL and "Dkt. B" to the district court's docket sheet in CR09-269-RSL.

ORDER GRANTING MOTION FOR EXTENSION
OF TIME - 1

1\. Defendant similarly missed the deadline for filing a notice of appeal in CR09-269-RSL. There, the order denying reconsideration was entered on July 29, 2022. Dkt. B #275. Thus, defendant's notice of appeal was due by August 12, 2022. However, defendant did not file his notice until August 22, 2022. Dkt. B # 277.

Although not jurisdictional, the 14-day deadline established by Rule 4(b) is a mandatory claim-processing rule that, if invoked by the government, requires dismissal of an appeal. United States v. Sadler, 480 F.3d 932, 938-42 (9th Cir. 2007). The United States is unwilling to waive this deadline. See Tillisy, No. 22-30151, Dkt. # 3. Accordingly, unless this deadline can be extended defendant's appeals must be dismissed. As the Court of Appeals lacks the authority to extend the time for filing a notice of appeal, Fed. R. App. P. 26(b)(2); see also United States v. Arevalo, 408 F.3d 1233, 1238-39 (9th Cir. 2005), the cases were remanded from the Ninth Circuit back to this Court for the limited purpose of allowing defendant to "request an extension of the time period for appeal." Tillisy, No. 22-30151, Dkt. # 5 (citing United States v. Ono, 72 F.3d 101, 103 (9th Cir. 1995)).

The Court now turns to the question of whether an extension of time should be granted here. Upon a showing of "excusable neglect or good cause" this Court may extend the time for filing a notice of appeal "for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b)." Fed. R. App. P. 4(b)(4). "An analysis of 'excusable neglect' generally requires a court to analyze the four factors set out by the Supreme Court." See United States v. Navarro, 800 F.3d 1104, 1109 (9th Cir. 2015) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993)). These factors include danger of prejudice, length of the delay and its potential impact on judicial proceedings, reason for the delay, and whether the movant acted in good faith. Pioneer, 507 U.S. at 395. Alternatively, "'good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." Navarro, 800 F.3d at 1109 (quoting Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010)).

Defendant raises several arguments as to why extension of time is proper here. First, he claims that due to his transfer from state custody to federal custody, he did not receive notice of

ORDER GRANTING MOTION FOR EXTENSION
OF TIME - 2

the court's rulings in a timely manner. Dkt. A # 278 at 1; Dkt. B # 285 at 1. This contention is supported by a letter defendant wrote on August 17, 2022, which notified the Court of defendant's change in custody and stated that he had not received any orders since arriving at FDC Seatac on July 29, 2022. See Dkt. A # 273; Dkt. B # 280 (filed on the docket on August 31, 2022). Additionally, the record reflects that the August 11 order (Dkt. A # 271) was returned as undeliverable on August 12, 2022. See Docket Entry CR13-310-RSL (Aug. 12, 2022). According to the docket entry, the staff at defendant's former state facility, MCC-Monroe, informed the court that defendant was "released to community custody care of DOC-EVERETT FIELD OFFICE" and confirmed that defendant "will receive mail at this address, per desk officer." Id. However, defendant asserts that he was moved to FDC Seatac on July 29, 2022, and later moved to FCI Victorville. Dkt. A # 278 at 1; Dkt. B # 285 at 1.[2] Defendant contends that that he did not receive the order entered on July 29, 2022, until August 18, 2022. Dkt. B # 277. He contends he did not receive the order entered on August 11, 2022, until September 20, 2022. Dkt. A # 278 at 1.

    Second, defendant claims that when he learned of the orders, he was in quarantine and had to wait for his counselor to approve postage to file the notice of appeal. Dkt. A # 278 at 2; Dkt. B # 285 at 2. Third, he claims that he experienced difficulties meeting the deadline because he is "legally blind and has a brain condition." Dkt. A # 278 at 2; Dkt. B # 285 at 2.

    Finally, defendant notes that he was appointed counsel in one of the consolidated cases. See Dkt. A # 278 at 2; Dkt. A # 270 (CJA appointment). However, defendant claims that with regard to the represented case, he filed his notice of appeal five days after his appointed counsel in the case informed him of the order. Dkt. A # 278 at 2. He asserts that he was previously unaware of the order due to the communication difficulties associated with his transfer of custody discussed above. Id. He further claims that his appointed counsel was "not given leave

---

[2] This claim is supported by the Court of Appeals docket, which notes that mail sent to defendant at FDC Seatac was returned to sender as defendant was "not at [FDC] SEATAC," and noted that the materials would be resent to defendant at FCI Victorville. Tillisy, No. 22-30151, Dkt. # 7.

ORDER GRANTING MOTION FOR EXTENSION
OF TIME - 3

to not file" a notice of appeal in the case, and that he has subsequently requested replacement counsel. Id.

The Court finds that that defendant has demonstrated "excusable neglect" and "good cause." As to excusable neglect, the delay in filing the notices of appeal was fairly short – ten days and six days past the deadline respectively. Thus, the danger of prejudice and potential impact on judicial proceedings is reasonably low. Furthermore, defendant's primary reason for delay – that he was not informed of the final orders until (1) after the notice of appeal deadline had passed or (2) shortly before the deadline due to his transfer from state custody to federal custody – is compelling and appears to be supported by the record. Finally, there is no indication that defendant acted in bad faith. Indeed, it appears that defendant attempted to avoid this issue by reaching out to the Court when he realized he wasn't receiving orders, specifically because he knew the notice of appeal deadline was fast approaching. See Dkt. B # 276.

Additionally, with regard to the case where defendant is represented, it was not unreasonable for defendant to expect counsel to file the notice of appeal. See Roe v. Ortega-Flores, 528 U.S. 470, 477 (2000) (explaining that "filing a notice of appeal is a purely ministerial task" and recognizing that failure to do so when a defendant has instructed counsel to initiate an appeal can render representation constitutionally ineffective). Here, even though defendant was represented, he managed to independently filed his notice of appeal shortly after learning of the relevant final order. See Dkt. A # 272.

Therefore, the Court finds that the communication challenges defendant faced during his transition from state to federal custody constitute excusable neglect and good cause justifying an extension of the time period for filing a notice of appeal. Because defendant's notices of appeal were both filed within the 30-day extension period contemplated in Rule 4(b)(4), his notices of appeal are timely. See United States v. Green, 89 F.3d 657, 659-60 (9th Cir. 1996); United States v. Buzard, 884 F.2d 475, 475-76 (9th Cir. 1989).

Defendant's motions for extension of time (Dkt. # 278 in CR13-310-RSL and Dkt. # 285 in CR09-269-RSL) are GRANTED.

ORDER GRANTING MOTION FOR EXTENSION
OF TIME - 4

1     DATED this 9th day of November, 2022.

<em>/s/ Robert S. Lasnik</em><br>
Robert S. Lasnik<br>
United States District Judge

ORDER GRANTING MOTION FOR EXTENSION
OF TIME - 5