UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MUHAMMED ZBEIDA TILLISY,<br><br>Defendant. | Case Nos. CR13-310-RSL;<br>CR09-269<br><br>ORDER DISMISSING DEFENDANT'S MOTIONS FOR JUDICIAL RECOMMENDATION AND MOTION TO APPOINT COUNSEL |

This matter comes before the Court on defendant's "Motion for Judicial Recommendation" (Dkt. # 291), "Supplemental Motion for Judicial Recommendation" (Dkt. # 293), and "Motion to Appoint Counsel" (Dkt. # 294). Because this case was consolidated with cause no. CR09-269-RSL on appeal, *see United States v. Tillisy*, No. 22-30151 (9th Cir. Sept. 7, 2022), this matter also comes before the Court on defendant's identical motions (Dkts. # 302, # 303) in that case. Having reviewed the motions and the balance of the record, the Court DISMISSES defendant's motions.

**I.    Background**

Defendant is currently in custody at Butner Medium II Federal Correctional Institution ("Butner"). *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited April 22, 2024). His release date is August 12, 2029. *Id*. Defendant is currently serving

ORDER DISMISSING DEFENDANT'S MOTIONS
FOR JUDICIAL RECOMMENDATION AND
MOTION TO APPOINT COUNSEL - 1

two consecutive sentences: (i) an 84-month term imposed by this Court in CR13-310, Dkt. # 194 at 3, and (ii) a one-year and one-day term for a supervised release violation imposed by the Hon. Marsha J. Pechman, *see* CR09-269, Dkt. # 232 at 3. Defendant's federal term commenced after serving two consecutive sentences in state custody: (i) a 120-month state term of confinement imposed by the Snohomish County Superior Court in Case No. 12-1-01246-1, and (ii) a 43-month state term of confinement imposed by the Snohomish County Superior Court in Case No. 12-1-01574-5.

In August 2022, defendant filed a Notice of Appeal in both the above-captioned federal cases. *See* No. CR09-269-RSL (Dkt. # 277); No. CR13-310-RSL (Dkt. # 272). The Ninth Circuit *sua sponte* consolidated both cases on appeal, *see* No. 22-30144 (Dkt. # 2), prompting the transfer of Judge Pechman's case to this Court, *see* No. CR09-269-RSL (Dkt. # 282). The consolidated appeal is still pending. *See generally* No. 22-30144.

## II.     Motions for Judicial Recommendation

Defendant filed two motions for judicial recommendation. The first motion, Dkt. # 291, is moot. Defendant requests transfer to a facility capable of treating his various brain-related conditions and mental health challenges. Dkt. # 291. Defendant has since been transferred to Butner, where he is seeing a neuropsychologist to address his concerns. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited April 22, 2024); *see also* Dkts. # 293 at 2, # 302 at 2. There is nothing more for the Court to address.

The Court construes the second motion as a motion for compassionate release. Defendant requests a reduction in sentence for two reasons: (1) the Bureau of Prisons ("BOP") is not adequately addressing his mental health concerns and brain damage; and (2) he is entitled to time served in state prison. Dkts. # 293, # 302. The Court denies defendant's motion for three reasons.

First, the pending appeal involving defendant's sentence divests this Court of jurisdiction to rule on the defendant's motion for compassionate release. *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). Second, even absent any jurisdictional issues, the Court "may

ORDER DISMISSING DEFENDANT'S MOTIONS
FOR JUDICIAL RECOMMENDATION AND
MOTION TO APPOINT COUNSEL - 2

not modify a term of imprisonment" until the defendant meets the statutory exhaustion requirement for compassionate release, *see* 18 U.S.C § 3582(c)(1)(A), which he has not, *see* Dkt. # 293. Third, credit for time served could only be pursued in district court once the defendant had exhausted administrative remedies by challenging the decision of BOP not to grant credit. 18 U.S.C. § 3585(b); *United States v. Wilson*, 503 U.S. 329 (1992) (holding that the BOP is responsible for calculating the amount of credit, if any, a federal prisoner should receive based on time previously served under another sentence, including a sentence served in state prison.). Therefore, not only does the Court lack jurisdiction to rule on the motion, but it does not appear that the defendant has exhausted his administrative remedies. Accordingly, the Court dismisses defendant's motion without prejudice.

### III.   Motion to Appoint Counsel

It is unclear why defendant seeks counsel pending appeal. Construed liberally, it appears the defendant is requesting appointment of counsel to assist in seeking compassionate release. *See* Dkts. # 294, # 303. Although General Order 03-19 provides for appointment of counsel for defendants seeking relief under the First Step Act, the Court does not have jurisdiction to rule on the motion. *Griggs*, 459 U.S. at 58; *see also United States v. Tillisy*, No. CR09-269-RSL, 2023 WL 1068770, at *2 (W.D. Wash. Jan. 27, 2023). Because the Court cannot rule on motions relating to the defendant's sentence while an appeal is pending, appointing counsel for that reason is premature.[1]

---

[1] To the extent defendant seeks the assistance of counsel to challenge his conditions of confinement under 42 U.S.C. § 1983 or challenge his sentence through a writ of habeas corpus under 28 U.S.C. § 2255, both are considered civil actions with no constitutional right to counsel. *See Burns v. County of King*, 883 F.2d 819, 824 (9th Cir.1989) ("Appointment of counsel in civil matters in the Ninth Circuit is restricted to 'exceptional circumstances'") (quotation omitted). Regardless, the Court cannot rule on "whether it would be appropriate to appoint counsel in connection with a motion that does not exist," because it "would be an impermissible advisory opinion." *U.S.A. v. Monson*, No. LA CR 07-01441-VBF-2, 2016 WL 4010028, at *2 (C.D. Cal. July 7, 2016). Other than the defendant's instant motion for compassionate release (Dkt. # 293), there are no pending motions for which this Court may consider appointment of counsel.

ORDER DISMISSING DEFENDANT'S MOTIONS
FOR JUDICIAL RECOMMENDATION AND
MOTION TO APPOINT COUNSEL - 3

   Defendant also argues at length that he is entitled to counsel because previous district counsel automatically represented him on appeal, so the opposite should also apply: his appellate counsel must be appointed as counsel in district court. Dkt. # 294. Some background is helpful to understand defendant's argument. On July 28, 2022, this Court approved attorney David R. Hammerstad to represent the defendant. Dkt. # 270; *see also* Dkt. # 281. Shortly after, defendant appealed the Court's order regarding various jurisdictional issues. *See* Dkt. # 268. Mr. Hammerstad represented the defendant on appeal. *See* No. 22-30144 (Dkts. # 17, # 22); CR13-310 (Dkt. # 282). On April 19, 2023, Mr. Hammerstad withdrew, and the Ninth Circuit ordered this Court to appoint "new counsel" for the "consolidated appeals." Dkt. # 288. Accordingly, this Court approved Cassandra L. Stamm to represent defendant on appeal. Dkt. # 289. Defendant now argues that Ms. Stamm should also represent him at the district court. Dkt. # 294 at 2–4. The argument is unavailing.

   The Ninth Circuit follows a policy of continuity of counsel from district court to appellate proceedings. *See* Ninth Cir. R. 4-1(a). Absent conflict of interest or a motion to withdraw, the attorney listed as counsel of record in the district court proceedings generally continues as counsel on appeal unless and until relieved by the Ninth Circuit. *Id.* However, no applicable rule guarantees that appellate counsel will also represent defendant in district court proceedings, especially when there are no active matters or pending substantive motions at the district level. *See Arzate v. Ducarte*, No. 1:15-CV-01256-SKO HC, 2016 WL 11663096, at *1 (E.D. Cal. Jan. 25, 2016). Accordingly, the Court dismisses defendant's motion without prejudice.

### IV. Conclusion

For all the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's motion for judicial recommendation (Dkt. # 291) is DISMISSED.
2. Defendant's supplemental motions for judicial recommendation (Dkts. # 293, # 302) are DISMISSED.
3. Defendant's motions to appoint counsel (Dkts. # 294, # 303) are DISMISSED.

ORDER DISMISSING DEFENDANT'S MOTIONS
FOR JUDICIAL RECOMMENDATION AND
MOTION TO APPOINT COUNSEL - 4

1 | IT IS SO ORDERED.

3 | DATED this 29th day of April, 2024.

*MWS Lasnik*
Robert S. Lasnik
United States District Judge

28 | ORDER DISMISSING DEFENDANT'S MOTIONS
FOR JUDICIAL RECOMMENDATION AND
MOTION TO APPOINT COUNSEL - 5