UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MUHAMMED ZBEIDA TILLISY,<br><br>Defendant. | Case Nos. CR13-310-RSL;<br>CR09-269<br><br>ORDER ON DEFENDANT'S MOTIONS |

This matter comes before the Court on two related motions: (i) defendant's "Motion for USSG 5G1.3 and Misc Relief" (Dkt. # 306), (ii) defendant's "Emergency Motion to Appoint Counsel" (Dkt. # 307). Having reviewed the motions, defendant's affidavit, the Government's response, and the balance of the record, the Court DENIES defendant's motions.

**I.    Background**

Defendant is 39 years old and currently in custody at Butner Federal Medical Center ("FMC Butner").[1] *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited August 27, 2024). Defendant's release date is currently scheduled for September 8, 2029. *Id*. Defendant is currently serving two consecutive sentences: (i) an 84-month term imposed by this Court in CR13-310, Dkt. # 194 at 3, and (ii) a one-year and one-day term for a

---

[1] FMC Butner "provide[s] extensive medical services and mental health care" to inmates. *See FMC Butner Admissions & Orientation Handbook*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/buh/buh_ao-handbook.pdf?v=1.0.0 (last visited August 27, 2024).

ORDER ON DEFENDANT'S MOTIONS - 1

supervised release violation imposed by the Hon. Marsha J. Pechman, *see* CR09-269, Dkt. # 232 at 3. Defendant's federal term commenced after serving two consecutive sentences in state custody: (i) a 120-month term of confinement imposed by the Snohomish County Superior Court in Case No. 12-1-01246-1, and (ii) a 43-month state term of confinement imposed by the Snohomish County Superior Court in Case No. 12-1-01574-5.

## II.     Analysis

Defendant recycles arguments rejected by this Court and the Ninth Circuit. First, he argues that he is entitled to compassionate release based on his medical condition. Dkt. # 306 at 1. He argues that he is gradually losing his vision due to scheduling delays, which amounts to an "extraordinary and compelling" reason justifying release. *Id*.; *United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022). In a previous order, this Court found that it "may not modify a term of imprisonment" until the defendant meets the statutory exhaustion requirement for compassionate release. 18 U.S.C § 3582(c)(1)(A). Defendant asserts, without support, that he "did exhaust his administrative remedies" in July 2022 and January 2023 at different facilities. Dkt. # 306 at 2; Dkt. # 312 (Tillisy's affidavit). However, Tillisy's assertion does not satisfy his burden on the exhaustion prong for two reasons: (1) a conclusory statement is insufficient to establishing the exhaustion prong, *see United States v. Ibarra*, 2023 WL 3304219, at *2 (W.D. Wash. May 8, 2023); and (2) the request must be made to the warden at the facility where Tillisy is currently in custody. *See* 18 U.S.C. § 3582 (c)(1)(A)(i). Accordingly, the Court rejects Tillisy's request for compassionate release.

Second, defendant argues this Court and Judge Pechman intended for his sentences to "commence immediately"—*i.e.*, concurrently with his state sentences. Dkt. # 306 at 2. This Court reiterated several times that it intended to impose a consecutive sentence as reflected in the Judgement and several previous orders rejecting the same argument. *See* Dkts. # 194, # 268 at 3 ("this Court and Judge Pechman both explicitly ordered defendant's federal sentences to run consecutively to his state sentences."). More so, the Ninth Circuit affirmed this Court's decision not to modify Tillisy's sentence on those grounds. *See* Dkt. # 305 at 6–7 (holding "the court ordered Tillisy's federal sentences to run consecutively, so the 'time the court ordered him to

ORDER ON DEFENDANT'S MOTIONS - 2

begin serving his sentence was at the conclusion of his state sentence, not the conclusion of sentencing."). Thus, the Court declines to modify his sentence.

Lastly, defendant requests this Court appoint counsel in connection with his request for compassionate release. Dkt # 307. Given that the Court may not entertain Tillisy's motion before he exhausts his administrative remedies, it finds that appointing counsel at this stage is unwarranted. *See United States v. Tillisy*, No. CR13-310RSL, 2021 WL 4709880, at *2 (W.D. Wash. Oct. 8, 2021) (appointment of counsel is discretionary). Tillisy may renew his motion once he has exhausted his administrative remedies and is prepared to articulate why compassionate release is appropriate.

### III. Conclusion

For all the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's "Motion for USSG 5G1.3 and Misc Relief" (Dkt # 306) is DENIED.
2. Defendant's "Emergency Motion to Appoint Counsel" (Dkt. # 307) is DENIED.

IT IS SO ORDERED.

DATED this 5th day of September, 2024.

Robert S. Lasnik
United States District Judge

ORDER ON DEFENDANT'S MOTIONS - 3